IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAN GERÓNIMO CARIBE PROJECT, INC.,

    Plaintiff,

v.

ANÍBAL ACEVEDO VILÁ, et al.,

    Defendants.

CIVIL NO. 08-2217 (DRD)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff San Gerónimo Caribe Project, Inc. ("SGCP") brought this Section 1983 case seeking to recover over $38 million in losses it allegedly incurred as a result of the defendants' actions suspending construction of the Paseo Caribe project in San Juan, Puerto Rico. (Docket No. 1). Before the court is a motion by defendants Aníbal Acevedo Vilá, Roberto J. Sánchez Ramos, and Luis A. Vélez Roche (collectively, "the defendants") to dismiss the complaint under Fed R. Civ. P. 12(b)(6) for failure to state a claim, and under the doctrine of qualified immunity. (Docket No. 13). SGCP opposed the motion. (Docket No. 24). The motion to dismiss was referred to me for a report and recommendation by the presiding district judge. (Docket No. 38).

### FACTUAL BACKGROUND

On a motion to dismiss, "the facts are set forth as alleged in the complaint and inferences [are] taken in the light most favorable to ... the non-moving party." Díaz-Romero v. Mukasey, 514 F.3d 115, 116 (1st Cir. 2008).

In January 2000, the Puerto Rico Planning Board ("PRPB") approved SGCP's plan to build a mixed residential, commercial, and tourism project known as the Paseo Caribe Project ("Paseo Caribe") (Docket No. 1, ¶ 10). SGCP purchased parcels of land from Hilton

International of Puerto Rico, Inc., which had in turn purchased the land from the Puerto Rico Tourism Company in August 1998. (Docket No. 1, ¶¶ 11-12). The Tourism Company sold the land subject to an obligation that the owner develop a mixed tourism complex, including rooms and parking. (Docket No. 1, ¶ 13). In 2002, responding to a request from the Department of Natural Resources, the Puerto Rico Department of Justice issued an opinion affirming that the Paseo Caribe parcels were not part of the public domain, and that the government had the authority to sell them without legislative action (the "2002 opinion"). (Docket No. 1, ¶ 14). SGCP began construction on Paseo Caribe in 2002. (Docket No. 1, ¶ 16).

In the second half of 2007, concerned citizens organized opposition to the Paseo Caribe project, and formed a significant political constituency. (Docket No. 1, ¶ 18). The Puerto Rico Senate formally requested an opinion from the Secretary of Justice on maintaining public access to the San Jerónimo del Boquerón Fort, located adjacent to the Paseo Caribe land. (Docket No. 1, ¶ 22). On December 11, 2007, defendant Sánchez Ramos, then-Puerto Rico Secretary of Justice, reversed the 2002 opinion in a new opinion (the "2007 opinion"), finding that the Paseo Caribe land was originally in the public domain, and under Puerto Rico law could not have been sold without legislative approval. (Docket No. 1, ¶ 19). The 2007 opinion recommended that Commonwealth agencies reevaluate their permitting decisions in light of the title issue. (Docket No. 1, ¶ 27). Sánchez Ramos did not provide SGCP with notice or an opportunity for a hearing prior to issuing the 2007 opinion. (Docket No. 1, ¶ 24). On December 12, 2007, defendant Acevedo Vilá, then-Governor of Puerto Rico, met with his cabinet and publicly ordered all administrative agencies to suspend all permits for the Paseo Caribe Project and to freeze all construction for 60 days (the "Governor's order"). (Docket No. 1, ¶ 29). Acevedo Vilá did not provide SGCP with a hearing prior to issuing this order. (Docket No. 1, ¶ 29). The PRPB issued

Case 3:08-cv-02217-DRD-BJM    Document 43    Filed 08/03/09    Page 3 of 19

**San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al**  Page 3
Civil No. 08-2217 (DRD)
**REPORT AND RECOMMENDATION**

a resolution ordering the Regulation and Permits Administration ("ARPE") to take measures implementing the 2007 opinion's recommendations, including, but not limited to, holding "an administrative hearing where the parties' right to due process [will] be guaranteed" (the "suspension hearing"). (Docket No. 1, ¶ 31). The PRPB did not provide SGCP with an opportunity for a hearing before issuing this resolution. (Docket No. 1, ¶ 31).

In advance of the suspension hearing, defendant Vélez Roche, then-administrator of ARPE, ordered SGCP to show cause why the Paseo Caribe permits should not be suspended for 60 days in light of the 2007 opinion. (Docket No. 1, ¶ 32). ARPE held the suspension hearing on December 20, 2007. (Docket No. 1, ¶ 36). At the outset, one of the hearing examiners stated that "[t]he nature of the hearing is not adversarial. We are going to gather information . . . so that [ARPE] may make a determination regarding the Stay Order of the construction[]." (Docket No. 1, ¶ 36). The examiner also stated that there were no issues as to the validity of SGCP's permits. (Docket No. 1, ¶ 36). SGCP moved to dismiss ARPE's action and challenged the agency's jurisdiction to make determinations about the validity of its title, as well as the adequacy of the agency's pre-hearing notice with respect to SGCP's due process rights. (Docket No. 1, ¶¶ 37-39). The hearing examiners rejected all of SGCP's objections, and stated that ARPE's intent was to stop all construction in the Paseo Caribe project until the title issue was addressed in an appropriate forum. (Docket No. 1, ¶¶ 37-39). The hearing examiners' rejections of SGCP's arguments resulted from "the prior direction and or order of one or more of the defendants." (Docket No. 1, ¶¶ 37-39). No charges or evidence against SGCP were introduced at the suspension hearing, and the 2007 opinion was not made part of the record. (Docket No. 1, ¶ 40).

A week later, Vélez Roche issued a resolution and order suspending permits and halting construction on Paseo Caribe for 60 days, with a proviso to extend the term if necessary "in the public interest" (the "suspension order"). (Docket No. 1, ¶ 42). The suspension order was based strictly on the 2007 opinion, and did not consider or discuss SGCP's interests or the impact on third parties, such as the owners of already-completed apartments. (Docket No. 1, ¶ 42).

SGCP appealed the suspension order to the Puerto Rico Court of Appeals, which ruled on February 6, 2008, that ARPE had violated SGCP's due process rights under Puerto Rico law. (Docket No. 1, ¶ 44). The court ordered ARPE to hold an evidentiary hearing as soon as possible, but did not lift the suspension order. (Docket No. 1, ¶¶ 44-45). The court's decision also held that ARPE was bound by the 2007 opinion with respect to the validity of SGCP's title. (Docket No. 1, ¶ 45). SGCP petitioned the Supreme Court of Puerto Rico for relief from the suspension order. (Docket No. 1, ¶ 46). ARPE never scheduled the evidentiary hearing ordered by the Court of Appeals. (Docket No. 1, ¶ 49).

On February 25, 2008, ARPE extended the suspension of the Paseo Caribe permits for an additional 60 days, at the direction of one or more of the defendants (the "extension order"). (Docket No. 1, ¶ 49). ARPE did not afford SGCP prior notice or an opportunity for a hearing before issuing the extension order. (Docket No. 1, ¶ 49). Three days later, the Puerto Rico Supreme Court granted certiorari on the question of whether the suspension order should be lifted, and ordered ARPE to stay the suspension order pending the Court's final decision. (Docket No. 1, ¶ 50). Paseo Caribe construction resumed shortly thereafter. (Docket No. 1, ¶ 50).

On July 31, 2008, the Puerto Rico Supreme Court ruled that ARPE had violated SGCP's due process rights by failing to provide a meaningful hearing before issuing the suspension

order. (Docket No. 1, ¶ 51). The court held that the 2007 opinion did not have legal effect, that ARPE erred by suspending SGCP's permits based on the 2007 opinion, and that ARPE did not have the authority to decide the property title issue. (Docket No. 1, ¶ 51). The Court revoked the suspension order, and ordered ARPE to permanently suspend all proceedings to set aside SGCP's permits based on the 2007 opinion. (Docket No. 1, ¶ 51).

SGCP had also filed an action to quiet title in the San Juan Court of First Instance on December 19, 2007, seeking a declaration that the Paseo Caribe land was not part of the public domain, and that SGCP had lawful ownership. (Docket No. 1, ¶ 35). The Court of First Instance ruled in SGCP's favor on February 8, 2008. (Docket No. 1, ¶ 48). The Puerto Rico Supreme Court upheld this ruling in a separate July 31, 2008 opinion. (Docket No. 1, ¶ 52).

SGCP filed the present case on October 24, 2008, alleging violations of its procedural due process, substantive due process, and equal protection rights, under 42 U.S.C. § 1983 ("section 1983"), and liability under Puerto Rico's general tort law, arising from the suspension of its ARPE permits. (Docket No. 1, ¶¶ 54-74). SGCP seeks $38 million in compensatory damages, as well as unspecified punitive damages, and attorney's fees under 42 U.S.C. § 1988. (Docket No. 1, p. 22).[1]

## DISCUSSION

### I. Standard on a Motion To Dismiss under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must allege a plausible entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Facial plausibility exists when the plaintiff pleads factual content that would allow the court to draw an inference of liability. Id.

---

[1] Although the defendants' motion to dismiss discusses claims under the Fifth Amendment due process and takings clauses and a conspiracy claim under 42 U.S.C. § 1985 (Docket No. 13, p. 32-37), the complaint does not allege claims arising under these laws, and the plaintiff's opposition to this motion does not address them.

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 6 of 19

**San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al**                                                Page 6
Civil No. 08-2217 (DRD)
**REPORT AND RECOMMENDATION**

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A plaintiff's "'naked assertion[s]' devoid of 'further factual enhancement'" fare no better. Id. (alteration in original). The pleading standard of Fed R. Civ. P. 8(a)(2) requires a plaintiff to "show" that she is entitled to relief; although this is not a "probability requirement," an allegation of the "mere possibility of misconduct" is insufficient. Id. at 1949-50.

## II. Analysis

The defendants assert two theories in their motion to dismiss: first, that SGCP's complaint does not state a claim for relief under section 1983; and second, that all three officials are entitled to qualified immunity from suit. (Docket No. 13, p. 6, 11).

To prevail on a claim under section 1983, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (alteration in original). In addition, only individuals who participated in the rights-depriving conduct can be held liable. Id. Here, the defendants argue that SGCP has not stated a claim for denial of its constitutional rights, and that in any case none of the defendants participated in the alleged rights-depriving conduct. (Docket No. 13, p. 8). The first question before the court, then, is whether SGCP has sufficiently stated its underlying constitutional claims.

### A. Procedural Due Process

To state a violation of procedural due process, a plaintiff must show (1) a deprivation of a protected property interest, and (2) a denial of due process. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 30 (1st Cir. 2008). The process due is determined by weighing the private interest

affected, the risk of erroneous deprivation, the value of additional safeguards, and the government's interests in the function involved and avoiding excessive and fiscal administrative burdens. Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). Usually, this means that notice and a hearing are required prior to the deprivation. Id. Importantly, however, pursuant to what has become known as the "random and unauthorized" doctrine, see, e.g., Chmielinski v. Mass., 513 F.3d 309, 315 (1st Cir. 2008), "[w]hen a deprivation of property results from conduct of state officials violative of state law," failure to provide pre-deprivation process does not violate the Due Process Clause. SFW Arecibo, Ltd. v. Rodríguez, 415 F.3d 135, 139 (1st Cir. 2005) (internal quotation marks omitted). In such cases, "[t]he only question is whether the post-deprivation process available" is adequate. Id. Nevertheless, courts must carefully scrutinize defendants' assertions that their conduct was "random and unauthorized" before dismissing challenges to pre-deprivation process. Chmielinski, 513 F.3d at 315.

The First Circuit rejected a procedural due process claim arising from a Puerto Rico permit dispute in SFW Arecibo, Ltd. v. Rodríguez, 415 F.3d 135. There, the PRPB issued a land use permit requiring "actual and effective" construction to begin by a particular date. Id. at 137. The developer had begun excavating and pouring foundations, but the PRPB determined that construction had not begun. Id. at 137-38. Without holding a hearing, the PRPB informed ARPE that the land use permit had expired, and that ARPE could no longer issue construction permits for the developer's project. Id. at 138. On review, the Puerto Rico Court of Appeals ruled that the PRPB decision was erroneous and violated the developer's rights under the Puerto Rico constitution. Id. The developers then filed a federal suit claiming that the PRPB violated its federal procedural due process rights by revoking the land use permit without notice or a

hearing, in violation of state law. Id. at 139. The court rejected this claim because "[t]he state is not required to anticipate such violations of its own constitutionally adequate procedures. To hold otherwise would convert every departure from established administrative procedures into a violation of the Fourteenth Amendment under § 1983 . . . ." Id. at 139 (quoting PFZ Properties, Inc. v. Rodríguez, 928 F.2d 28, 31 (1st Cir. 1991)).

Here, SGCP alleges conduct violative of state law, but does not show inadequacies in Puerto Rico's pre-deprivation procedure. Cf. SFW Arecibo, 415 F.3d at 139. In particular, SGCP alleges that the presiding officers at the suspension hearing refused to consider whether SGCP's title was valid; that this occurred as a result of the defendants' prior directions or orders (Docket No. 1, ¶ 38); that the decision was based on the 2007 opinion alone, and not the arguments SGCP presented at the suspension hearing (Docket No. 1, ¶ 42); and that "the Governor does not have the legal authority to suspend construction permits by decree." (Docket No. 1, ¶ 30). These allegations, if proven, would constitute violations of ARPE's procedural rules. Specifically, ARPE's adjudicative procedures are governed by the Puerto Rico Uniform Administrative Procedures Act ("UAPA"), 3 L.P.R.A. §§ 2101-2201. San Gerónimo Caribe Project, Inc. v. Administración de Reglamentos y Permisos, 2008 TSPR 130, at 23, 174 D.P.R. __ (Docket No. 141-2, p. 31) (July 31, 2008) ("[T]he Adjudicative Procedures Regulation of ARPE . . . orders a liberal interpretation . . . that would comply with the purposes of [the UAPA].") (citing P.R. Regs. ARPE Reg. 6435 § 1.07). The UAPA outlines parties' procedural due process rights in administrative proceedings:

> The following rights shall be safeguarded in any formal adjudicatory procedure before an agency:
>
> (A) The right to timely notice of the charges or complaints or claims against one    of the parties.

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 9 of 19

**San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al**  Page 9
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

  (B) The right to introduce evidence.

  (C) The right to an impartial adjudication.

  (D) The right to have the decision based on the record of the case.

3 L.P.R.A. § 2151. Importantly, however, plaintiff's allegations show violations of Puerto Rico law (i.e., that ARPE did not follow the UAPA), but not deficiencies in the established pre-deprivation procedure. Therefore, since the defendants allegedly caused violations of ARPE's established procedures, "there really is no process that could have been afforded to safeguard [SGCP's] constitutional rights." See SFW Arecibo, 415 F.3d at 140.

  Furthermore, the First Circuit held that no additional pre-deprivation process is required where permit deprivations occur under political pressure and in violation of adequate pre-deprivation procedures:

> [Plaintiffs] do not challenge the facial adequacy of the PRPB permitting procedures themselves; rather, they claim that PRPB officials, acting under the malign influence of the governor and other politicians, violated and abused those procedures. In such circumstances, Puerto Rico cannot be faulted for failing to have provided other predeprivation process.

Néstor Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 40 (1st Cir. 1992). Consequently, plaintiff's procedural due process claim cannot be salvaged by the additional allegation that ARPE's failure to adhere to established pre-deprivation process was due to the "malign influence of the governor, or other politicians," or to application of undue political pressure.

  However, SGCP goes further and argues that (1) Puerto Rico law did not require a *meaningful* hearing where the 2007 opinion could be challenged, (Docket No. 1, ¶ 60; Docket No. 24, p. 15), and (2) the defendants were delegated broad discretion to deprive SGCP of its permits without providing pre-deprivation process, (Docket No. 24, p. 19-20). These arguments

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 10 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                    Page 10
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

fail because they rely on incorrect legal assumptions.

First, SGCP alleges that Puerto Rico's procedural requirements are insufficient because the law "authorize[d] ARPE to stay SGCP's permits based on an Opinion of the Attorney General that was not itself subject to direct legal challenge." (Docket No. 1, ¶ 60; Docket No. 24, p. 14). SGCP bases this assertion on the Puerto Rico Court of Appeals's opinion reviewing the suspension order, which held that ARPE was bound by the 2007 opinion. (Docket No. 1, ¶ 45). However, the Puerto Rico Supreme Court found precisely the opposite, holding that ARPE was *not* authorized to suspend permits based on the Secretary of Justice's opinion on the validity of title. San Gerónimo Caribe Project, 2008 TSPR 130, at 40, 147 D.P.R. __ (Docket No. 141-2, p. 46) ("ARPE was barred from suspending the effectiveness of the permits granted . . . because the Opinion by the Secretary had concluded that the lands in question are public domain."). See also id., 2008 TSPR 130, at 46 n. 15 (Docket No. 41-2, p. 51, n.15) (holding that the determination by the Court of First Instance that SGCP's title was valid further barred ARPE from issuing the extension order). Because SGCP's argument is based on an erroneous legal premise and no supporting factual allegations, this argument fails.

Second, SGCP argues that the defendants' conduct was an exercise of broad discretion that was delegated to them, rendering the pre-deprivation process inadequate. (Docket No. 24, p. 18-19) (citing Zinermon, 494 U.S. at 136-138). The complaint alleges generally that the deficiencies occurred "per the prior direction [and/or] order of one or more of the defendants." (See Docket No. 1, ¶ 38; see also Docket No. 1, ¶ 39). However, the Supreme Court has limited the application of this broad-discretion exception to cases where the pre-deprivation procedure itself delegates that discretion to state actors. See Zinermon, 494 U.S. at 138 (conduct not unauthorized where "State delegated . . . the power and authority to effect the very deprivation

Case 3:08-cv-02217-DRD-BJM    Document 43    Filed 08/03/09    Page 11 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                          Page 11
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

complained of"); see also Chmielinski, 513 F.3d at 315 (conduct not unauthorized where state delegates broad discretion to its officials). As discussed above, state law did not grant broad discretion to the defendants; instead, ARPE was bound by the UAPA, and could not legally rely on the 2007 opinion to suspend SGCP's permits. See San Gerónimo Caribe Project, 2008 TSPR 130, at 23, 40. Moreover, SGCP relies only on its conclusory assertion that "[l]ike the defendants in Chmielinski and Zinermon, the defendants in this case were 'delegated broad discretion.'" (Docket No. 24, p. 19). SGCP offers no legal argument or factual allegation to support that conclusion. Therefore, SGCP's broad-discretion argument fails.

Because SGCP has not shown that Puerto Rico's pre-deprivation process is insufficient, and the allegations show conduct violating state law, the procedural due process analysis turns to the adequacy of post-deprivation remedies. See SFW Arecibo, 415 F.3d at 139. The First Circuit has held that the post-deprivation remedies provided by Puerto Rico administrative law are constitutionally sufficient:

> The post-deprivation process that we found adequate in PFZ Properties included the right to petition the administrative agency for reconsideration and to seek judicial review in the courts of Puerto Rico. The same procedures for review were available in this case. The Developers petitioned the Planning Board to reconsider its ruling. It then sought judicial review before the Puerto Rico Court of Appeals. That ruling is now pending before the Puerto Rico Supreme Court. A holding that the Developers had a federal procedural due process claim on these facts would contravene our case law.

Id. at 140 (citing PFZ Props., 928 F.2d at 31). See also Custodio, 964 F.2d at 40 (holding that the available post-deprivation review of ARPE actions satisfied due process).

SGCP challenges the adequacy of the post-deprivation relief it actually sought. SGCP argues that because the defendants allegedly violated the Court of Appeals's order, depriving SGCP of the relief it had obtained, the present claim is analogous to that upheld in Roy v. City of Augusta, 712 F.2d 1517 (1st Cir. 1983). (Docket No. 24, p. 11). In Roy, the First Circuit held

Case 3:08-cv-02217-DRD-BJM Document 43 Filed 08/03/09 Page 12 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al     Page 12
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

that a plaintiff stated a due process claim where the defendants in a state court lawsuit violated a court order, and left the plaintiff with no other remedy. 712 F.2d at 1524. Roy sought renewal of his pool hall license before the city council of Augusta, Maine, but the council denied the renewal. Id. at 1519. A state trial court found that the ordinance used to justify the denial violated Maine law, and ordered the council to renew the permit. Id. The council issued the originally-requested permit, which had expired by the time of the court's order. Id. This ultimately prevented Roy from reopening his business, causing him to lose his lease. Id. at 1519-20. Furthermore, Maine law granted absolute immunity to the defendants, preventing Roy from obtaining a damage remedy. Id. at 1523 n. 6. At that point, "the state court could afford no practical redress." Id. at 1523. In the subsequent section 1983 lawsuit, the court held that Roy stated a procedural due process claim because his allegations showed that the defendants "finally succeeded in 'taking' his property in derogation of the process afforded by the state." Id. at 1524. The First Circuit later emphasized, however, that the key factor in Roy was not the council's violation of the court order, but rather, that Roy had no other remedy at all under state law. See Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 22 (1st Cir. 1988) ("[T]he deprivation could not be said to be without due process unless no effective state remedy were available.").

Here, SGCP only alleges that the defendants undermined its earlier attempts to seek relief; SGCP does *not* allege that further relief is unavailable.[2] Therefore, SGCP has not adequately challenged the post-deprivation remedies available under Puerto Rico law.

Moreover, the First Circuit has observed that Roy "has been undercut" by Hudson v.

---

[2] In fact, SGCP pleads a pendent claim for damages under Puerto Rico's tort law, 31 L.P.R.A. §§ 5141, 5142. (Docket No. 1, ¶¶ 72-74).

Case 3:08-cv-02217-DRD-BJM Document 43 Filed 08/03/09 Page 13 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al     Page 13
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

Palmer, 468 U.S. 517 (1984), where the Supreme Court held that "an unauthorized *intentional* deprivation of property by a state employee does not constitute a [procedural due process violation] if a meaningful postdeprivation remedy for the loss is available." Decker, 845 F.2d at 22 (citing Hudson, 468 U.S. at 533) (emphasis added). Indeed, the court in Roy distinguished the holding of Parratt v. Taylor, 451 U.S. 527 (1981), that a negligent deprivation of property did not constitute a due process violation where state law provided an adequate post-deprivation remedy. Roy, 712 at 1523, n. 6. The court observed that the plaintiff in Roy had specifically alleged that the deprivation was intentional. However, as the First Circuit observed in Decker, Hudson v. Palmer extended the holding of Parratt v. Taylor to instances of intentional deprivation. Decker, 845 F.2d at 22 (citing Hudson, 468 U.S. at 533). Thus, Roy is further inapplicable here because its result may well have been different under the "random and unauthorized" doctrine of Hudson.

In sum, SGCP's complaint fails to satisfy a necessary element of the procedural due process analysis as to the defendants' alleged acts suspending the Paseo Caribe permits. The defendants' acts denying pre-deprivation process were "violative of state law," the procedure required by law was adequate, and the defendants were not "delegated broad discretion" to enforce or not enforce that process. Moreover, Puerto Rico's post-deprivation remedies are constitutionally sufficient, and SGCP has not shown that those remedies are unavailable. Therefore, the procedural due process claim should be dismissed as to all three defendants.

    **B.    Substantive Due Process**

The substantive due process guarantee bars governmental action that is "inherently impermissible irrespective of the availability of remedial or protective procedures." Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 30 (1st Cir. 2008). To state a substantive due process

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 14 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                            Page 14
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

claim, a plaintiff must show (1) a deprivation of an established life, liberty, or property interest, and (2) that such deprivation occurred through governmental action that "shocks the conscience." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008).

In the context of land-use disputes, the substantive due process doctrine may not ordinarily be invoked outside of a "truly horrendous" situation. Id. The First Circuit has explained that this means that land-use cases will give rise to a substantive due process claim only where plaintiffs allege a "fundamental procedural irregularity, racial animus, or the like." Clark, 514 F.3d at 113 (quoting Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833-834 (1st Cir. 1982)). Based on this standard, the First Circuit has repeatedly refused to find substantive due process violations in the land-use context in cases dealing with both the initial issuance of permits and the revocation of permits already granted. See, e.g., Clark, 514 F.3d at 113 (no substantive due process violation where planning board repeatedly denied requests for development permits); Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994) (no substantive due process violation where planning board revoked permits based on "animus" toward size of project); SFW Arecibo, 415 F.3d at 141 (no substantive due process violation where planning board revoked permits based on erroneous interpretation of state law).

The First Circuit has held that a deprivation by a planning board in violation of state law does not, on its own, state a substantive due process claim. Torromeo v. Town of Fremont, 438 F.3d 113, 118 (1st Cir. 2006). The developer in Torromeo alleged that the local planning board refused to issue permits in violation of state law. Id. at 115. The developer had received approval for a proposed subdivision from the board. Id. at 114. Shortly afterwards, the town government passed an ordinance allowing the board to limit the number of new permits it would issue. Id. The board used this new power to deny permits to the developer; however, a state

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 15 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                           Page 15
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

court invalidated the enabling ordinance. Id. The First Circuit held that the alleged state law violations failed to state substantive due process claims. See id. at 118. See also SFW Arecibo, 415 F.3d at 141 ("The doctrine of substantive due process does not protect individuals from all [governmental] actions that . . . injure property in violation of some law" (quoting PFZ Props., 928 F.2d at 31-32)) (first alteration in original).

The First Circuit in Custodio dealt squarely with a claim arising from permitting decisions allegedly driven by political considerations. There, the developer alleged that local political opposition improperly drove the PRPB's decision not to issue waste disposal permits for construction of household and toxic waste dumps outside of Ponce, Puerto Rico. Custodio, 964 F.2d at 46. The political opposition was "based on the fact that a large number of Ponce residents did not want a hazardous waste dump in Ponce." Id. at 47. The First Circuit held that allowing a substantive due process claim on those grounds "would establish a precedent for federal courts to adjudicate planning disputes whenever it is plausibly alleged that political considerations have played a role in a permit denial." Id. at 46. Quoting Judge Posner, the court observed that "[t]he Constitution does not forbid government to yield to such opposition; it does not outlaw the characteristic operations of democratic . . . government, operations which are permeated by pressure from special interests." Id. (quoting Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 467 (7th Cir. 1988)). Absent more serious allegations of bribery or threats, the plaintiff had at worst alleged that the Puerto Rico Planning Board was motivated by a "parochial view[] of local interests." Id. at 47 (quoting Creative Environments, Inc., 680 F.2d at 832-833).

Under these standards, SGCP does not state a substantive due process claim. The complaint alleges that the defendants illegally suspended the Paseo Caribe permits in order to

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 16 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                      Page 16
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

satisfy a "special interest" politically opposed to the project. (Docket No. 1, ¶ 64). However, the First Circuit has made clear that absent allegations of bribery, threats, extortion, or the like, reacting to "pressure from special interests" does not give rise to a substantive due process claim. Custodio, 964 F.2d at 47. Moreover, it is immaterial that the Puerto Rico courts found that ARPE's actions violated Puerto Rico law because the First Circuit has made clear that "a violation of state law . . . is not enough" to establish a substantive due process violation. Torromeo, 438 F.3d at 118.

SGCP's arguments do not change this result. First, SGCP cites Collier v. Town of Harvard, No. Civ.A.95-11652-DPW, 1997 WL 33781338 (D. Mass. Mar. 28, 1997), for the proposition that a land use case can state a substantive due process claim. (Docket No. 24, p. 21). The plaintiff in Collier, however, alleged that the planning board had attempted to extort an easement for the benefit of one of its members. Id., at *5 (holding that plaintiff's allegations raised issue of material fact sufficient to avoid summary judgment). SGCP does not allege that any of the defendants were attempting to extort SGCP for his personal benefit, and does not advance any reason to read Collier more broadly.

Second, SGCP relies on Scott v. Greenville County, 716 F.2d 1409, 1419 (4th Cir. 1983), which found a substantive due process violation where politically-motivated officials intervened in a permitting process. The Scott court applied an "abuse of discretion [or] caprice" standard in holding that the plaintiff stated a due process claim. Id. (alteration in original). In contrast, the First Circuit has rejected an abuse of discretion standard and strictly applies the "shocks the conscience" test in all substantive due process cases. Mongeau v. City of Marlborough, 492 F.3d 14, 19 (1st Cir. 2007). The Mongeau developer argued that an "arbitrary and capricious" standard should apply in land use and permit disputes. Id. at 17. The court rejected the

argument, stating, "[First Circuit] precedent on this issue is both clear and binding . . . in order to state a substantive due process claim of any ilk, a plaintiff must allege behavior on the part of the defendant that is so outrageous that it shocks the conscience." Id. at 19.

To be clear, the allegations raised in the complaint of the irresponsibility of the defendants, and the consequent harm caused to the plaintiff, extend beyond the pale. Nevertheless, under "clear and binding" precedent, the defendants' acts leading to the suspension of SGCP's permits do not meet the First Circuit's substantive due process standard of shocking the conscience as it has been applied in land use cases. SGCP's complaint, therefore, does not satisfy the second element of a substantive due process claim, and the claim should be dismissed as to all three defendants.

### C.     Equal Protection

The Fourteenth Amendment's equal protection guarantee requires state actors to treat equally "all persons similarly situated." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Pagán v. Calderón, 448 F.3d 16, 34 (1st Cir. 2006). A claim for a "class of one" equal protection violation exists where a plaintiff alleges that (1) she was intentionally treated differently from others similarly situated, and (2) there was no rational basis for that difference. SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 34 (1st Cir. 2008). For entities to be similarly situated, "a prudent person, looking objectively at the incidents, [must] think them roughly equivalent and the protagonists similarly situated . . . in all relevant respects." Clark, 514 F.3d at 114.

To state an equal protection claim, a plaintiff must allege the existence of other similarly-situated entities. Id. The First Circuit upheld the Rule 12(b)(6) dismissal of a "class of one" claim where the allegedly similarly-situated entities differed in relevant respects. Clark, 514

Case 3:08-cv-02217-DRD-BJM   Document 43   Filed 08/03/09   Page 18 of 19

San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al                                Page 18
Civil No. 08-2217 (DRD)
REPORT AND RECOMMENDATION

F.3d at 114. The developer in Clark sought access to a municipal water and sewer system, and later, permission to build a septic system for a proposed new subdivision. Id. at 111. The developer pleaded that three other projects were granted access to the water systems: a subdivision located over a different watershed, an affordable housing community, and an industrial park. Id. at 114. The court found that these examples were too different from the plaintiff's proposal to be similarly situated based on the differing water quality facts and underlying public policy concerns. Id. The court held that the developer therefore failed to state an equal protection claim. Id.

Here, SGCP asserts that it was singled out "from among the class of permit holders," but does not provide any more information identifying other members of the class or describing their treatment. (Docket No. 24, p. 23). Without more, this bare conclusion does not permit the inference that other similarly-situated permit holders were treated differently. As Clark shows, even alleging that other permit holders were treated more favorably is not enough; the factual allegations must identify *sufficiently similar* permit holders. See 514 F.3d at 114. Because the complaint does not identify any other permit holders at all, SGCP falls far short of meeting this standard. Therefore, SGCP's equal protection claim should be dismissed as to all three defendants.

## CONCLUSION

For the foregoing reasons, I recommend that defendants' motion to dismiss be **GRANTED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. By court order, any objections to the same must be specific and must be filed with the Clerk of Court within five (5) business days. (Docket No. 38); see also

Case 3:08-cv-02217-DRD-BJM  Document 43  Filed 08/03/09  Page 19 of 19

**San Gerónimo Caribe Project, Inc. v Aníbal Acevedo Vilá, et al**  Page 19
**Civil No. 08-2217 (DRD)**
**REPORT AND RECOMMENDATION**

Local Rule 72(d); 28 U.S.C. § 636(b)(1). Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>see also</u> <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988). Furthermore, the Court has set aside the three (3) day term provided by Local Rule 5.1. (Docket No. 38).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 3rd day of August, 2009.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge